

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas Prison System
Huntsville, Texas

Gentlemen:                          Attention: Mr. H. E. Moore

Opinion No. O-3269
Re: The correct amount of time
to be served by Joe Taylor,
No. 97746.

Your letter requesting the opinion of this department as to the correct amount of time to be served by Joe Taylor, No. 97746, reads in part as follows:

"We respectfully submit the enclosed and attached data for an opinion from your Department:

"Joe Taylor, Texas Prison System No. 97746, was convicted in Cause No. 4100, in Stephens County, of 'Burning Insured Personal Property'; sentenced to two years in the penitentiary and received at this prison July 24th, 1941, his sentence to begin on July 16th, 1941. In pronouncing sentence, Hon. B. H. Atchison, Judge of the District Court of Stephens County sets forth, 'the sentence in this cause is to begin when sentence in cause No's. 2721, 2743, 2771, and 2772, The State of Texas vs. Joe Taylor, in the District Court of Young County, Texas, shall have ceased to operate.' At the time Judge Atchison passed sentence in Cause No. 4100, the sentences from Young County were on appeal, and Judge Atchison states that he had been advised that these appeals were to be withdrawn; therefore, he passed sentence in the Cause No. 4100, from Stephens County to be cumulative to the sentences, then on appeal, from Young County.

"On a later date we received committments in Cause No's. 2721, 2743, 2771, and 2772, in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the District Court of Young County, wherein the
defendant, Joe Taylor, after being sentenced on
May 6th, 1941, to serve a term of two years in
each of these cases, sentences to run concurrent-
ly, gave notice of appeal, and at a later date
was permitted by the Court of Young County, to
withdraw the appeals in these Causes, and the
Court sentenced him in the following manner:
'On this the second day of March, A.D., 1942,
came on to be heard in regular order the motion
of defendant, Joe Taylor, in the above entitled
cause (2721, 2743, 2771, and 2772) and said de-
fendant appearing by attorney in open court and
stated that he did not desire to prosecute his
said appeal but desired that he be sentenced
and that his said sentence commence to run from
and of this date and that same be made to run
concurrently with any other sentence or sentences
that may now or at any time be imposed against
him; and the State appearing by and through it's
District Attorney stated that it did not care
to contest such motion, and the Court, after
being advised in the premises, is of the opin-
ion that such motion should be in all things
granted. It is therefore considered, ordered,
adjudged and decreed by the Court that said de-
fendant, Joe Taylor, be permitted to withdraw
his notice of appeal in the above styled and
numbered Cause, and such appeal is hereby in
all respects dismissed, and the sentence herein
shall commence to run from and of this the 18th
day of July, 1941, and such sentence shall run
concurrently with any other sentence or sen-
tences imposed against said defendant, if any
there might be.'

"As the sentence in Cause No. 4100, in the
District Court of Stephens County sets out that
the sentence in such cause is to be cumulative
of the sentence in the Causes No. 2721, 2743,
2771, and 2772, District Court of Young County;
and the sentences in these Young County convic-
tions state that such sentences are to be 'con-
current with any other sentence or sentences
imposed against said defendant, if any there

'might be,' and as this subject, Joe Taylor, has
been imprisoned here since July 26th, 1941, under
the sentence from Stephens County, it seems that
the Court from Stephens County and the Court from
Young County have issued conflicting orders, and
we are at a loss as to properly determining the
correct steps to take in this matter."

Under the facts stated in your letter, at the time
Joe Taylor was convicted in the District Court of Stephens
County, Texas, he had been convicted in the District Court
of Young County, Texas, in four cases. The cases in which
the defendant had been convicted in the District Court of
Young County had been appealed, and while such cases were
on appeal he was tried in the District Court of Stephens
County. Taylor was convicted in the District Court of
Stephens County and sentenced to two years in the peniten-
tiary, he was received at the Prison on July 26, 1941, and
his sentence in the Stephens County case was to begin when
sentences in the four cases from Young County ceased to
operate. In other words, the sentence in the Stephens Coun-
ty case was cumulative to the sentences in the cases from
Young County.

The case of Alsup v. State, 206 S. W. 345, holds
that notice of appeal in a preceding case did not deprive
the court of the power to cumulate the term in the second
case, which sentence in the second case would start when
that in the preceding case ceased to operate.

Although the cases from Young County were on ap-
peal at the time the case was tried in Stephens County the
court in said county had the power to cumulate the sentence
in that case with the sentences in the other cases from
Young County and provide that the sentence in that case
would start when the sentences in the cases from Young Coun-
ty ceased to operate.

We are informed by the Clerk of the Court of
Criminal Appeals that mandates issued October 17, 1941,
in the four cases appealed from Young County. The appeals
in these cases were dismissed upon the request of the de-
fendant.

In the case of Powell v. State, 63 S. W. (2d)
712, it is stated:

"When an appeal is taken, the sentence
begins from the date of the mandate of the ap-
pellate court whether the judgment was affirmed
or whether the appeal was dismissed at the re-
quest of the appellant." (Citing Ex parte Carey,
64 S. W. 841)

Therefore, it is our opinion that the sentences
in the four cases from Young County began from the date of
the mandate of the appellate court which was October 17,
1941.

Article 768, Vernon's Annotated Code of Criminal
Procedure, provides in part:

". . . In all cases where the defendant
has been tried for any violation of the laws
of the State of Texas, and has been convicted
and has appealed from said judgment and/or
sentence of conviction, and where said cause
has been affirmed by the Court of Criminal Ap-
peals, and after receipt of the mandate by the
Clerk of the trial court, the judge is author-
ized to again call said defendant before him,
and if, pending appeal, the defendant has not
made bond or entered into recognizance and has
remained in jail pending the time of such ap-
peal, said trial judge may then in his discre-
tion resentence the defendant, and may sub-
tract from the original sentence pronounced
upon the defendant, the length of time the de-
fendant has lain in jail pending such appeal.
. . ."

The defendant, Joe Taylor, was sentenced by the
District Court of Young County to serve a term of two years
in each of the four cases, sentences to run concurrently.
The first or original sentences in the District Court of
Young County were pronounced on May 6, 1941. However, on
the 2nd day of March, 1942, the District Court of Young
County attempted to resentence the defendant and to make
the sentences commence to run from and of that date (March

2, 1942) and that such sentences be made to run concurrently with any other sentence or sentences that may now or at any time be imposed against the defendant. We do not think that Article 768, supra, or any other authority which we have been able to find authorizes the District Court under the facts and circumstances heretofore mentioned to resentence the defendant in the above mentioned cases.

In view of the foregoing authorities and facts it is our opinion that the correct amount of time to be served by the defendant is four years, two years in the case from Stephens County and two years in the cases from Young County. In other words, the defendant should be given credit for the time served on the Stephens County sentence prior to October 17, 1941, and the Young County sentences would begin on that date. After the Young County sentences are served, then the balance of the unserved portion of the Stephens County sentence would begin.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 8, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By Ardell Williams

Ardell Williams
Assistant

AW:LM


APPROVED
OPINION
COMMITTEE
BY BWB